# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHAL DALE REVIS, | CASE NO. CV F 07-0311LJO DLB |
| Plaintiff, | **ORDER ON MOTIONS TO DISMISS AND TO TRANSFER VENUE** |
| vs. | (Docs. 2, 4, 7.) |
| SFG EQUIPMENT LEASING CORP., et al, | |
| Defendants. | |

## INTRODUCTION

Defendants Roger Miller ("Mr. Miller"), Robert Wyatt ("Mr. Wyatt") and Outlaw Aircraft Sales, Inc. ("Outlaw Aircraft") seek to dismiss or transfer venue of this breach of contract and fraud action on grounds that this Court lacks personal jurisdiction over them. Plaintiff Anthal Dale Revis ("Mr. Revis") does not oppose dismissal of Mr. Miller, Mr. Wyatt and Outlaw Aircraft (collectively "Tennessee defendants"). This Court considered the Tennessee defendants' motions to dismiss or to transfer venue on the record and VACATES the April 6, 2007 hearing, pursuant to this Court's Local Rule 78-230(h). For the reasons discussed below, this Court DISMISSES the Tennessee defendants in the absence of grounds to assert this Court's personal jurisdiction over them.

## BACKGROUND

In October 2003, Mr. Revis entered into a contract with defendant S.F.G. Equipment Leasing Corporation I ("SFG Leasing") to purchase a 1970 Beachcraft Barron airplane ("airplane"). Mr. Wyatt

is the president of Outlaw Aircraft and defendant Aircraft Maintenance, Inc. ("Aircraft Maintenance").[1] Outlaw Aircraft is a Tennessee corporation which primarily sells aircraft in the South, Midwest and Southwest. Aircraft Maintenance is a Tennessee corporation which provides aircraft maintenance and inspection services in Clarksville, Tennessee. Mr. Miller is Aircraft Maintenance's head aviation mechanic and has been employed by Aircraft Maintenance since August 2000. Mr. Miller performed an annual inspection on the airplane after crash repairs. According to Mr. Wyatt, all repairs and maintenance on the airplane were done "only with the consent and authorization" of its owner Global Air Services, Inc. and First Source Bank, a secured creditor of Global Air Services, Inc. On November 21, 2006, Mr. Revis filed his form complaint in Fresno County Superior Court to allege that on October 1, 2003, Mr. Revis and SFG Leasing entered into a written contract to purchase the airplane and that SFG Leasing breached the contract in June 2005 "by failing to deliver the subject aircraft in airworthy condition." Mr. Revis' form complaint alleges a fraud cause of action against the Tennessee defendants and Aircraft Maintenance that they misrepresented the quality of their repairs and parts and that the airplane was "thoroughly inspected and certified to be airworthy" and "would be delivered in an airworthy condition" to induce Mr. Revis "to purchase a defective and dangerous plane."

Mr. Revis alleges damages of $106,000, including repair costs, loss use of the airplane, and hanger costs.

On February 26, 2007, the Tennessee defendants removed this action to this Court on grounds of diversity jurisdiction. The Tennessee defendants also filed their motions to dismiss for lack of personal jurisdiction and to transfer venue to the U.S. District Court, Middle District of Tennessee on grounds that events giving rise to Mr. Revis' claims occurred in Tennessee and that the Tennessee defendants lack personal contacts with California to invoke long arm jurisdiction.

SFG Leasing and Aircraft Maintenance have neither filed a responsive pleading nor appeared in this action.

///

---

[1] Mr. Revis' California Judicial Council form complaint names Aircraft Maintenance as a corporate defendant. Aircraft Maintenance has not filed a motion to dismiss or to transfer venue and misconstrues Mr. Revis' complaint to name Mr. Wyatt as an individual defendant conducting business under the assumed name Aircraft Maintenance.

## DISCUSSION

### Personal Jurisdiction

F.R.Civ.P. 12(b)(2) empowers a defendant to challenge a complaint "for lack of jurisdiction over the person." F.R.Civ.P. 12(b)(3) empowers a defendant to challenge a complaint for "improper venue." A district court's determination whether to exercise personal jurisdiction is a question of law. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Although the defendant is the moving party on a F.R.Civ.P. 12(b)(2) motion to dismiss, "the plaintiff bears the burden of establishing that jurisdiction." *Rio Properties*, 284 F.3d at 1019.

Two recognized bases exist for personal jurisdiction over nonresident defendants: (1) "general jurisdiction" which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the person in all matters; and (2) "specific" or "limited" jurisdiction which arises out of the defendant's contacts with the forum giving rise to the subject of the litigation. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984). Absent a traditional basis for jurisdiction (presence, domicile or consent), due process requires that the defendant have "certain minimum contacts with (the forum state) such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Even if a nonresident defendant's contacts with the forum state are not sufficiently "continuous and systematic" for general jurisdiction, the nonresident defendant may be subject to jurisdiction on claims related to its activities or contacts there. Whether limited jurisdiction lies "turns on the nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). A three-step evaluation of an out-of-state defendant's contacts with the forum determines whether limited jurisdiction exists:

1. The out-of-state defendant purposely directed its activities toward residents of the forum state or otherwise established contacts with the forum state;

2. Plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and

3. The forum's exercise of personal jurisdiction must be reasonable, that is, comports with

3

"fair play and substantial justice."

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-478 (1985); *see Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1397 (9th Cir. 1986); *Raffaele v. Compagnie Generale Maritime, S.A.*, 707 F.2d 395, 397 (9th Cir. 1983).

As to a defendant's purposefully directed activities, the Ninth Circuit Court of Appeals explained in *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988):

> Purposeful availment analysis examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff. In order to have purposefully availed oneself of conducting activities in the forum, the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business with the forum state.

A "highly realistic" approach is required to determine whether a nonresident contracting party is subject to local jurisdiction. It must be recognized that a "contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." *Burger King*, 471 U.S. at 478. The mere fact that a nonresident enters into a contract with a forum resident does not establish "minimum contacts" between the nonresident and the forum state. *Gray & Co. v. Firstenberg Machinery Co.,* 913 F.2d 758, 760 (9th Cir. 1990). Jurisdiction is not established automatically because the forum was the "place of contracting" or "place of performance," or because breach "caused an effect" (financial loss) in the forum state. A court must determine whether the defendant "purposefully" established minimum contacts by evaluating: (1) prior negotiations; (2) contemplated future consequences; (3) the terms of the contract; and (4) the parties' actual course of dealings. *Burger King*, 471 U.S. at 478.

To demonstrate an absence of minimal contacts with California, the Tennessee defendants note that they:

1.  Are Tennessee citizens and residents;
2.  Were served with the summons and complaint in Tennessee;
3.  Have not conducted business in California;
4.  Did not enter into a contract with Mr. Revis;
5.  Did not consent to California jurisdiction; and
6.  Lack ties or contacts to California

4

The Tennessee defendants further note that alleged acts or omissions to support Mr. Revis' claims arose in Tennessee.

Mr. Wyatt notes specifically as to him that he:

1. Did not act as an agent, broker or party to Mr. Revis' purchase or contract to purchase the airplane from SFG Leasing;

2. Did not act in California for Aircraft Maintenance and did not perform maintenance work for planes delivered to or received from California; and

3. First met Mr. Revis in April 2004 in Clarksville, Tennessee when Mr. Revis picked up the airplane and was asked a few questions by Mr. Revis.

As to Outlaw Aircraft, Mr. Wyatt notes that it:

1. Is neither licensed to do business in California nor transacted business in California;

2. Was not an agent, broker or party for Mr. Revis' purchase and/or contract to purchase the airplane from SFG Leasing;

3. Neither has had contact with nor contracted with SFG Leasing; and

4. Has no employee who conducted or participated in inspection, repair or maintenance of the airplane.

Mr. Miller notes specifically as to him that:

1. His repair and maintenance of the airplane was conducted in his capacity as an Aircraft Maintenance employee;

2. He had never been to California;

3. His contact with Mr. Revis is limited to when Mr. Revis picked up the airplane in April 2004 in Clarksville, Tennessee during which Mr. Revis asked Mr. Miller a few questions; and

4. After Mr. Revis' performance test flight, he performed no further examination or work on the airplane, except a visual inspection for obvious oil leaks.

Outlaw Aircraft claims that "all maintenance and repair of the aircraft in issue was performed in Clarksville, Tennessee."

Mr. Revis appears to concede an absence of personal jurisdiction over the Tennessee defendants

5

with his non-opposition to their dismissal. The record lacks evidence of the Tennessee defendants' California presence or domicile, consent to suit in California, or pervasive, limited or specific contacts with California to impose jurisdiction over them. The Tennessee defendants point out, without challenge, that they have neither conducted business nor injected themselves into California. As such, exercise of personal jurisdiction over the Tennessee defendants would be unreasonable.

### **Venue Transfer**

As an apparent alternative to F.R.Civ.P. 12(b) dismissal, the Tennessee defendants seek to transfer this action to the U.S. District Court for the Middle District of Tennessee. Pursuant to 28 U.S.C. § 1404(a), this Court "[f]or the convenience of parties and witnesses, in the interest of justice . . . may transfer any civil action to any other district . . . where it might have been brought." "A case in which venue is improper may be transferred rather than dismissed, if transfer is 'in the interest of justice.'" *District No. 1, Pacific Coast District v. Alaska*, 682 F.2d 797, 799, n. 3 (quoting 28 U.S.C. § 1404(a)). "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 916 (1962).

Determination whether to dismiss or to transfer lies within a district court's sound discretion. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2nd Cir. 1993). "Given that the functional purpose of 28 U.S.C. § 1406(a) is to eliminate impediments to the timely disposition of cases and controversies on their merits . . . transfer of [an] action, when the statute of limitations has run, is in the interest of justice." *Minnette v. Time Warner*, 997 F.2d at 1027. As to transferring or dismissing a case, a district court should consider:

1. Judicial economy and whether another action would necessarily be filed;
2. Bar of the statute of limitations and whether, because of the statute of limitations, dismissal is overly harsh; and
3. The relative injustice imposed on plaintiff and defendant.

1 Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Fed. Civil Procedure Before Trial* (2006) Venue, para. 4:578, p. 4-68 (citing *Goldlawr*, 369 U.S. 463, 467, 82 S.Ct. 913, 916; *King v. Russell*, 963

1 F.2d 1301, 1304-1305 (9th Cir. 1992)).

2 The Tennessee defendants mention transfer of venue in passing and fail to address factors to consider transfer of venue (convenience, interest of justice, etc.).  The Tennessee defendants appear to acknowledge that Mr. Revis could have filed his action in the U.S. District Court for the Middle District of Tennessee.  The Tennessee defendants appear to concede that this action may be properly transferred to the U.S. District Court for the Middle District of Tennessee.  However, Mr. Revis appears content with dismissal of the Tennessee defendants, and as such, this Court need not determine the merits of a venue transfer.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES this action as to only defendants Roger Miller, Robert Wyatt and Outlaw Aircraft Sales, Inc.; and

2. ORDERS Mr. Revis, no later than April 4, 2007, to file a status report to indicate:

    A. Whether he has served SFG Leasing with the summons and complaint;

    B. Whether and how he intends to pursue this action against SFG Leasing and Aircraft Maintenance; and

    C. Whether he seeks remand of this action to Fresno County Superior Court.

IT IS SO ORDERED.

**Dated:   March 26, 2007**                                /s/ Lawrence J. O'Neill
66h44d                                                              UNITED STATES DISTRICT JUDGE