IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHAL DALE REVIS,<br><br>               Plaintiff,<br><br>   vs.<br><br>SFG EQUIPMENT LEASING CORP., et al,<br><br>               Defendants.<br>                                   / | CASE NO. CV F 07-0311LJO DLB<br><br>**ORDER ON DEFENDANT AIRCRAFT MAINTENANCE, INC.'S MOTION TO DISMISS**<br>(Doc. 32) |

**INTRODUCTION**

Defendant Aircraft Maintenance, Inc. ("Aircraft Maintenance") seeks to dismiss this breach of contract and fraud action on grounds that this Court lacks personal jurisdiction over Aircraft Maintenance and subject matter jurisdiction. Plaintiff Anthal Dale Revis ("Mr. Revis") contends that Aircraft Maintenance has sufficient minimum contacts with California to enable this Court to exercise jurisdiction over Aircraft Maintenance. This Court considered Aircraft Maintenance's motion to dismiss on the record and VACATES the June 22, 2007 hearing, pursuant to this Court's Local Rule 78-230(h). For the reasons discussed below, this Court, as an alternative to dismissal of Aircraft Maintenance, TRANSFERS this action to the U.S. District Court for the Middle District of Tennessee.

# BACKGROUND

## Mr. Revis' Airplane Purchase

In October 2003, plaintiff Anthal Dale Revis ("Mr. Revis") entered into a contract with S.F.G. Equipment Leasing Corporation I ("SFG Leasing"), an Indiana corporation, to purchase a 1970 Beachcraft Barron airplane ("airplane") which had been damaged in a wheels-up landing and was under repair by Aircraft Maintenance.  Aircraft Maintenance is a Tennessee corporation which engages primarily in aircraft repair and maintenance in Clarksville, Tennessee.  Robert Wyatt ("Mr. Wyatt") is Aircraft Maintenance's president and agent for service of process.  According to Mr. Wyatt, all repairs and maintenance on the airplane were done "only with the consent and authorization" of its owner Global Air Services, Inc. and First Source Bank, a secured creditor of Global Air Services, Inc.[1]

According to Mr. Revis, in several October 2003 telephone conversations, he informed Mr. Wyatt that Mr. Revis had purchased the airplane and planned to travel to Tennessee to see the airplane and to operate the airplane in California after repairs.  Mr. Revis notes that he discussed the airplane's repairs with Mr. Wyatt.  On October 15, 2003, Mr. Revis met with Mr. Wyatt who explained repairs to and showed Mr. Revis the airplane at Aircraft Maintenance's premises in Clarksville, Tennessee.  Mr. Revis declares that subsequently in October 2003, he discussed with Mr. Wyatt that Mr. Revis intended to fly the airplane over the Sierra Nevada Mountains and intended to hangar it in Fresno.  Mr. Revis notes that Mr. Wyatt "personally gave me an estimate that the plane would be repaired and given an annual inspection and certification by Aircraft Maintenance."

Mr. Revis declares that during the succeeding six months, he and Mr. Wyatt had several internet and telephone conversations, initiated by Mr. Revis, to address delay to repair the airplane.  On April 16, 2004, Mr. Wyatt called to inform Mr. Revis that the airplane was ready.  In Clarksville, Tennessee, Mr. Revis "went over the repairs with Mr. Wyatt" and test flew the airplane.  Aircraft Maintenance repaired an oil leak, and Mr. Revis attributes Mr. Wyatt to have indicated that one of the airplane's engines ran "hot" during a break in of rings.  Mr. Revis contends that during his return to California, "substantial engine problems" were discovered in New Mexico to require "extensive rebuilding."  After

---

[1] In his declaration, Mr. Revis indicates that he purchased the airplane in response First Source Bank's September 2003 internet advertisement and that SFG Leasing is First Source Bank's subsidiary.

several weeks, the airplane arrived in Central California, where two aircraft services inspected the airplane and opined that "the airplane had substantial engine problems and bulkhead cracks" to render the airplane "not airworthy as it was promised on sale and certified as such by Aircraft Maintenance."

### Mr. Revis' Claims

On November 21, 2006, Mr. Revis filed his form complaint in Fresno County Superior Court to allege that on October 1, 2003, Mr. Revis and SFG Leasing entered into a written contract to purchase the airplane and that SFG Leasing breached the contract in June 2005 "by failing to deliver the subject aircraft in airworthy condition." Mr. Revis' form complaint alleges a fraud cause of action against the Aircraft Maintenance and Mr. Wyatt that they misrepresented the quality of their repairs and parts and that the airplane was "thoroughly inspected and certified to be airworthy" and "would be delivered in an airworthy condition" to induce Mr. Revis "to purchase a defective and dangerous plane." Mr. Revis alleges damages of $106,000, including repair costs, loss use of the airplane, and hangar costs.

The form complaint also named as defendants Mr. Wyatt, Outlaw Aircraft Sales, Inc. ("Outlaw Aircraft"), a Tennessee corporation engaged in aircraft sales, and Roger Miller ("Mr. Miller"), Aircraft Maintenance's head aviation mechanic.[2] On February 26, 2007, the former defendants removed this action to this Court on grounds of diversity jurisdiction. This Court's March 27, 2007 order ("March 27 order") dismissed the former defendants in the absence of grounds to assert this Court's personal jurisdiction over them. Aircraft Maintenance seeks dismissal from this action on similar grounds.

### DISCUSSION

### Personal Jurisdiction

F.R.Civ.P. 12(b)(2) empowers a defendant to challenge a complaint "for lack of jurisdiction over the person." F.R.Civ.P. 12(b)(3) empowers a defendant to challenge a complaint for "improper venue." A district court's determination whether to exercise personal jurisdiction is a question of law. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Although the defendant is the moving party on a F.R.Civ.P. 12(b)(2) motion to dismiss, "the plaintiff bears the burden of establishing that jurisdiction." *Rio Properties*, 284 F.3d at 1019.

---

[2] Mr. Wyatt, Outlaw Aircraft and Mr. Miller will be referred to collectively as "former defendants."

Two recognized bases exist for personal jurisdiction over nonresident defendants: (1) "general jurisdiction" which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the person in all matters; and (2) "specific" or "limited" jurisdiction which arises out of the defendant's contacts with the forum giving rise to the subject of the litigation. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868 (1984). Absent a traditional basis for jurisdiction (presence, domicile or consent), due process requires that the defendant have "certain minimum contacts with (the forum state) such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945).

Even if a nonresident defendant's contacts with the forum state are not sufficiently "continuous and systematic" for general jurisdiction, the nonresident defendant may be subject to jurisdiction on claims related to its activities or contacts there. Whether limited jurisdiction lies "turns on the nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). A three-step evaluation of an out-of-state defendant's contacts with the forum determines whether limited jurisdiction exists:

1. The out-of-state defendant purposely directed its activities toward residents of the forum state or otherwise established contacts with the forum state;

2. Plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and

3. The forum's exercise of personal jurisdiction must be reasonable, that is, comports with "fair play and substantial justice."

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-478, 105 S.Ct. 77 (1985); *see Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1397 (9th Cir. 1986); *Raffaele v. Compagnie Generale Maritime, S.A.*, 707 F.2d 395, 397 (9th Cir. 1983).

As to a defendant's purposefully directed activities, the Ninth Circuit Court of Appeals explained in *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988):

> Purposeful availment analysis examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff. In order to have purposefully availed oneself of conducting activities in the forum, the defendant

4

must have performed some type of affirmative conduct which allows or promotes the transaction of business with the forum state.

A "highly realistic" approach is required to determine whether a nonresident contracting party is subject to local jurisdiction. *Burger King*, 471 U.S. at 478, 105 S.Ct. 77.

### **Absence Of General Or Limited Jurisdiction**

Mr. Revis concedes that this Court lacks "general, unlimited jurisdiction over Aircraft Maintenance, Inc., as there is no evidence that Aircraft Maintenance, Inc. had 'substantial, continuous and systematic' activities in California." As such, the focus is whether this Court has "specific" or "limited" jurisdiction arising from Aircraft Maintenance's contacts with California giving rise to the subject of this action. To demonstrate an absence of minimal contacts with California, Aircraft Maintenance notes that it:

1. Is a Tennessee corporation;
2. Lacks contacts, ties or nexus with California;
3. Is not licensed to do business in California;
4. Has neither transacted nor conducted business in California;
5. Has consented to neither California jurisdiction nor application of California laws;
6. Was neither an agent, broker nor party to Mr. Revis' purchase or contract to purchase the airplane from SFG Leasing; and
7. Did not inspect, repair or maintain the airplane in California.

Aircraft Maintenance claims that "all maintenance and repair of the aircraft in issue was performed in Clarksville, Tennessee" and "all inspections of the aircraft were solely undertaken in either Columbus, Ohio, or Clarksville, Tennessee, by Aircraft Maintenance's employees." Aircraft Maintenance points to the U.S. District Court for the Middle District of Tennessee as the proper venue to pursue claims against Aircraft Maintenance.

Mr. Revis responds that Aircraft Maintenance knew the airplane would be sold to a California resident and hangared in California to put Aircraft Maintenance on notice that "improper servicing or airworthiness certification of the airplane would have effect" in California. Mr. Revis contends that Aircraft Maintenance purposely directed its activities to California resident Mr. Revis whose claims

against Aircraft Maintenance arose from such activity so that exercise of personal jurisdiction over Aircraft Maintenance comports with fair play and substantial justice. Mr. Revis argues that exercise of this Court's jurisdiction over Aircraft Maintenance is reasonable given the California location of the airplane and witnesses to support its improper repair and airworthiness certification.

The record lacks evidence of Aircraft Maintenance's purposely directed activities to California. Although Aircraft Maintenance had telephone and internet contact with Mr. Revis in California, Mr. Revis fails to substantiate that such limited contact is sufficient to impose personal jurisdiction over Aircraft Maintenance. Mr. Revis' declaration indicates that Aircraft Maintenance's telephone and internet contact responded to Mr. Revis' inquiries and was not initiated by Aircraft Maintenance, except to respond Mr. Revis' missed calls. Mr. Revis acknowledges that he traveled to Tennessee to inspect, test fly and pick up the airplane. There is no evidence that Aircraft Maintenance reached out to Mr. Revis in California or committed to deliver the airplane to him in California. Aircraft Maintenance points out, without challenge, that it has neither conducted business nor injected itself into California. Mr. Revis' fraud claims against Aircraft Maintenance arise out of Aircraft Maintenance's conduct in Tennessee. Based on Mr. Revis' declaration, Aircraft Maintenance's primary alleged fraud occurred during Mr. Revis' visits to Tennessee.

Turning to reasonableness to exercise personal jurisdiction, the Ninth Circuit Court of Appeals has developed a seven-factor test:

1. The extent of defendant's purposeful interjection into the forum state;
2. The burden on defendant of defending in the chosen forum;
3. The extent of conflict with the sovereignty of defendant's state;
4. The forum state's interest in adjudicating the dispute;
5. The most efficient forum for judicial resolution of the dispute;
6. The importance of the forum to plaintiff's interest in convenient and effective relief; and
7. The existence of an alternative forum.

*Core-Vent Corp. v. Nobel Industries, A.B.*, 11 F.3d 1482, 1487 (9th Cir. 1993). None of these factors is dispositive by itself. They all must be balanced against the others. *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991).

### *Purposeful Interjection*

This factor is co-extensive with the purposefully directed activities analysis discussed above. When there are only attenuated contacts with the forum, the "slightness of the purposeful interjection 'militates against' a finding of the reasonableness of jurisdiction." *Insurance Co. of North America v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981); *Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.*, 880 F.Supp. 743, 748 (C.D. Cal. 1995).  Aircraft Maintenance's interjection, if any, into California was limited to responding to Mr. Revis' initiated contacts.  Mr. Revis points to no significant interjection into California, especially given the undisputed absence of Aircraft Maintenance's contacts, ties or nexus with California.  Aircraft Maintenance's knowledge that the airplane would be used and based in California is insufficient.  On balance, this factor favors Aircraft Maintenance.

### *Burden on Defendant*

This factor examines how difficult it will be for a defendant to travel to the forum state to defend itself. *Indiana Plumbing*, 880 F.Supp. at 748.  The Ninth Circuit Court of Appeals has commented:

> The law of personal jurisdiction, however, is asymmetrical.  The primary concern is for the burden on a defendant. *See World-Wide Volkswagen, supra*, 444 U.S. at 292, 100 S.Ct. at 564.  If the burdens of trial are too great for a plaintiff, the plaintiff can decide not to sue or, perhaps, to sue elsewhere.  A defendant has no such luxury.  The burdens on a defendant are of particular significance if, as here, the defendant has done little to reach out to the forum state.

*Marina Salina Cruz,* 649 F.2d at 1272. *See also Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851-852 (9th Cir. 1993).

Litigating in California burdens Aircraft Maintenance.  Since the burden on defendant is of primary concern, this factor favors Aircraft Maintenance.

### *Conflict with Sovereignty of Aircraft Maintenance's State*

Mr. Revis notes that "there do not appear to be any conflicts with the sovereignty" of Tennessee. As such, this factor appears neutral to Mr. Revis and Aircraft Maintenance.

### *Forum State's Interest*

Undoubtedly, California has an interest in providing effective means of redress for its residents who are damaged by alleged fraud.  Thus, this factor favors Mr. Revis.

///

*Most Efficient Resolution*

Mr. Revis notes that his favorable witnesses and the airplane are in California. Presumably, Aircraft Maintenance's supporting witnesses and documents are in Tennessee. If Mr. Revis succeeds on his claims, most likely he will attempt to enforce a potential judgment against Aircraft Maintenance in Tennessee. Overall efficiency would appear to favor trial in Tennessee despite the airplane's location in California. The airplane will be subject to inspection and is an unlikely candidate for a jury view. This factor favors Aircraft Maintenance.

*Convenience and Effective Relief for Plaintiff*

Certainly, this Court is the more convenient and effective forum for Mr. Revis and most likely played a large part in Mr. Revis' filing the action here. This factor favors Mr. Revis.

*Existence of an Alternative Forum*

Tennessee is a viable alternative forum, and Mr. Revis, Aircraft Maintenance and SFG Leasing concede as much. Thus, this factor favors Aircraft Maintenance.

In sum, the balance of the reasonableness factors favors Aircraft Maintenance and Tennessee to render unreasonable this Court's exercise of personal jurisdiction over Aircraft Maintenance.

**Transfer To Tennessee**

As an alternative to dismissal, Mr. Revis asks this Court to transfer this action to the U.S. District Court for the Middle District of Tennessee. Although it has not sought a transfer, Aircraft Maintenance acknowledges that the U.S. District Court for the Middle District of Tennessee is the proper venue to address Mr. Revis' claims. SFG Leasing filed papers to advocate a transfer to the Tennessee federal court rather than dismissal of Aircraft Maintenance.

Pursuant to 28 U.S.C. § 1631, this Court is empowered to transfer an action to cure want of jurisdiction:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . .

Transfer to the Tennessee federal court will promote the interests of justice to address Mr. Revis' claims in a single forum. Dismissal of Aircraft Maintenance, without a transfer, would compel Mr.

Revis to litigate in California against SFG Leasing and against Aircraft Maintenance in Tennessee or seek to transfer Mr. Revis' remaining claims to Tennessee. SFG Leasing notes that the Tennessee federal court has subject matter jurisdiction. Neither Aircraft Maintenance nor SFG Leasing challenges the Tennessee federal court's exercise of personal jurisdiction. Based on the factors addressed above, proper venue rests with the Tennessee federal court. Transfer to the Tennessee federal court further promotes judicial interests to avoid potential conflicting rulings with determination of this action in a single proceeding.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. As an alternative to dismissal of defendant Aircraft Maintenance, Inc., TRANSFERS this action to the U.S. District Court for the Middle District of Tennessee;

2. DIRECTS the clerk to take necessary action to transfer this action to the U.S. District Court for the Middle District of Tennessee in Nashville and to close this Court's action;

3. VACATES the July 25, 2007 scheduling conference.

IT IS SO ORDERED.

**Dated:   June 18, 2007**               /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE